UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN W HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-00081 |
| | § | |
| CITY OF SHINER, TEXAS | § | |
| and | § | |
| SHINER POLICE DEPARTMENT | § | |
| and | § | |
| LAWRENCE ROBLES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is the defendant's, Lavaca County, Texas, Edward Pustka and Richard Brown, Motion to Dismiss Plaintiff's Original Complaint Pursuant to FRCP Rule 12(b)(1) and Rule 12 (b)(6), (the "County") (Dkt. No. 7), the defendant's, City of Shiner, Texas, Shiner Police Department, and Lawrence Robles' Motion to Dismiss Plaintiff's Original Complaint (the "City") (Dkt. No. 8), the plaintiff's, John W. Harrington Responses (Harrington) (Dkt. Nos. 13 and 14) and replies from the City and County (Dkt. Nos. 15 and 16). After having considered the motions, responses, record and applicable law, the Court determines that the County's motion to dismiss should be **GRANTED**.[1]

---

[1] The Court's determination was made pursuant to Federal Rule of Civil Procedure 12(b)(1). Since the Court lacks subject matter jurisdiction, Harrington's claims against all parties, including the City of Shiner and Lawrence Robles fail.

## II. FACTUAL BACKGROUND

In 2013, Harrington moved to Shiner, Texas. Based on his complaint he had several negative interactions with the police and elected officials of Lavaca County and the City of Shiner. He describes several occasions starting back in 2016, where he notified County and City police officers of harassment and threats made against him. He explains that County and City officials did not take his concerns seriously. In sum, he alleges that the County and City officials held some type of vendetta against him, resulting in his arrest, indictment and financial harm.

Harrington reports that in August 2017, he was wrongfully arrested for assaulting and slashing an individual's tries. During the same year, after Hurricane Harvey, he became aware of the County's need to have a Texas Commission on Environmental Quality (TCEQ) permitted disposal site. He obtained a permit and sought a contract from the County. He alleges that before his contract was approved, certain County Commissioners slandered him and even used County resources to dump most of the debris. Harrington believes that ultimately, their actions cut into his profit as much of the debris was removed before he could start.

Harrington alleges that in September 2018, he was wrongfully charged with felony evidence tampering, arrested and had to post bond. In light of the indictment, he had to close his firearm store. On September 9, 2020, Harrington commenced this civil action by filing his complaint. The action was brought under 42 U.S.C. § 1983.

### III. APPLICABLE LAW

**Subject-Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction can be established by a federal question or diversity of citizenship between the parties. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction authorizes original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties in the United States." 28 U.S.C. § 1331. Diversity jurisdiction authorizes the courts to have jurisdiction if the "matter in controversy exceeds the sum or value of $75,000" and the parties are diverse in citizenship. 28 U.S.C. § 1332. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

When determining whether the federal question meets the requirements of the courts, the "well-pleaded complaint" rule must be applied, under which "a federal question must appear on the face of the complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987); *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). If there is a concern about the validity of jurisdiction, a motion to dismiss may be raised under the Federal Rule of Civil Procedure 12(b)(1). The objection that a federal court lacks subject-matter jurisdiction may be raised by a party or the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of the federal district court. *See* Fed. R. Civ. P. 12(b)(1). In making its ruling, the Court may rely on any

of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981) (en banc).

## IV. PARTIES CONTENTIONS

A. The County and City

Arguing that the Court lacks subject-matter jurisdiction because there is no federal question, the County moves to dismiss Harrington's complaint. The County explains that while Section 1983 is a vehicle that creates a cause of action for a plaintiff to enforce rights under the Constitution, it does not create a right in itself. The County explains that to state a claim under 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or a federal law; and (2) that the violation was committed by someone acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L.Ed.2d 572 (1980). The County contends that the plaintiff has demonstrated neither.

The City maintains that the complaint should be dismissed under Rule 12(b)(6) because all of Harrington's claims are legally deficient and unsustainable.

B. Harrington' Response

In response, Harrington maintains that a federal question exists. Harrington asserts that his claims against the County and Commissioners stem from the Commissioners using their position and power, under color of state law, to slander and deprive him of the vast majority of the benefits of the contract he was awarded. He adds that the Commissioner's ill will and animus toward him was the reason for their actions. He contends that because of their conduct he was only able to recover 1/3 of the debris that TCEQ estimated was present.

## V. ANALYSIS

In Harrington's complaint he raises claims against the City and County for: (1) violating his Civil Rights under 42 U.S.C. § 1983; (2) negligence and gross negligence; (3) malicious prosecution; (4) abuse of process; (5) false imprisonment and false arrest; (6) tortious interference with business relations; (7) intentional inflictioIIn of emotional distress; and (8) conspiracy.

The County and City have moved to dismiss based on 12(b)(1) and 12(b)(6) grounds. "When a motion to dismiss for lack of jurisdiction 'is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.' " *Crenshaw–Logal v. City of Abilene, Texas,* 436 Fed. Appx. 306, 308 (5th Cir.2011). In order to survive the 12(b)(1) attack, original jurisdiction is found either in federal question or diversity cases. *See* 28 U.S.C. §§ 1331, 1332.

Harrington contends that a federal question arises under the 42 U.S.C. § 1983 in light of the City's and County's actions towards him. On the other hand, they contend that Harrington has failed to identify any constitutional violation that resulted from their conduct. The Court agrees.

Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 117, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). As such, to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or of federal law; and (2) that the violation was committed by someone

acting under the color of state law. Here, the Harrington's complaint lacks specificity as to how 42 U.S.C. § 1983 – the basis of his complaint applies to the facts he has presented. He has failed to identify any constitutional or federal law violation.

Having addressed the Court's original jurisdiction under 28 U.S.C. § 1331, the Court now considers whether it has supplemental jurisdiction over Harrington's state-law claims. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. *Johnson v. Retail Plaza Inc.,* No. 3:12–CV–5001–B, 2012 WL 6950308, at 1 (N.D. Tex. Dec.31, 2012). In this instance, diversity of citizenship does not exist.

Harrington's complaint fails to establish federal question jurisdiction or diversity jurisdiction. Therefore, no subject matter jurisdiction exists over this case. As to the County's motion, dismissal is **GRANTED**. Harrington's claims against the City and all parties fail and his request to replead is denied.

It is so Ordered.

SIGNED on this 20th day of March, 2020.

_____
Kenneth M. Hoyt
United States District Judge